IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| **ARTURO DE JESUS SALAZAR AGUILAR,** | **:** | |
| | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Civil Action Number:** |
| | **:** | |
| **vs.** | **:** | |
| | **:** | |
| | **:** | |
| **LA MEJOR DE MICHOACAN INCORPORATED and MANUEL MEDRANO,** | **:** | |
| | **:** | |
| | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## COMPLAINT

Plaintiff, Arturo de Jesus Salazar Aguilar ("Plaintiff"), by and through the

undersigned counsel, brings this Complaint against Defendants La Mejor de Michoacan

Incorporated ("La Mejor") and Manuel Medrano and ("Medrano") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as

amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover overtime pay

that was denied him; (2) an additional amount as liquidated damages; and (3) for his costs

of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because La Mejor is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

### 4.

Plaintiff resides within Gwinnett County, Georgia.

### 5.

La Mejor employed Plaintiff as a cashier/server in and around Norcross, Georgia from July 2009 until August 12, 2012.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of La Mejor as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about March 2010 until August 12, 2012, Plaintiff   has been "engaged in commerce" as an employee of La Mejor as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

La Mejor is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, La Mejor has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about March 2010 until August 12, 2012, La Mejor was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2010, La Mejor had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2011, La Mejor had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2012, La Mejor had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2010, La Mejor had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, La Mejor had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, La Mejor had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2010, La Mejor had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

18.

During 2011, La Mejor had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

19.

During 2012, La Mejor had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

20.

At all times material hereto, La Mejor was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

21.

La Mejor is subject to the personal jurisdiction of this Court.

22.

La Mejor may be served with process through its Registered Agent Norma Hernandez, 1706 M.L.K. Jr. Blvd., Gainesville, Georgia 30501.

23.

Medrano resides within Hall County, Georgia.

24.

At all times material hereto, Medrano exercised operational control over the work activities of Plaintiff.

25.

At all times material hereto, Medrano was involved in the day to day operation of the La Mejor restaurant in which Plaintiff worked.

26.

At all times material hereto, La Mejor vested Medrano with supervisory authority over Plaintiff.

27.

At all times material hereto, Medrano exercised supervisory authority over Plaintiff.

28.

At all times material hereto, Medrano scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

29.

At all times material hereto, Medrano exercised authority and supervision over Plaintiff's compensation.

30.

At all times material hereto, Medrano has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

31.

Medrano is subject to the personal jurisdiction of this Court.

32.

Medrano may be served with process at his home address located at 1870 Atlanta Road, Suite H, Gainesville, Georgia 30504.

33.

At all times relevant to this suit and while an employee of La Mejor, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

34.

At all times relevant to this suit and while an employee of La Mejor, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

35.

At all times relevant to this suit and while an employee of La Mejor, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

36.

At all times relevant to this suit and while an employee of La Mejor, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

37.

At all times relevant to this suit and while an employee of La Mejor, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

38.

During the months of March through September, Plaintiff normally worked between 45 to 60 hours per week.

39.

This variation in schedules was the result of the seasonality of La Mejor's business.

40.

At all times material hereto, Defendants paid Plaintiff on an hourly basis.

41.

At all times material hereto, Defendants paid Plaintiff by payroll check for all hours worked up to forty (40) hours in each work week.

42.

At all times material hereto, Defendants paid Plaintiff in cash for all hours worked over forty (40) hours in each work week.

43.

At all times material hereto, Defendants failed to pay Plaintiff an overtime premium for all hours worked over forty (40) hours in a given workweek.

## COUNT I - FAILURE TO PAY OVERTIME

44.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

45.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

46.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

47.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours from March 2010 through August 12, 2012.

48.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours from March 2010 through August 12, 2012.

49.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

50.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER
101 MARIETTA STREET                    /S/CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303                 CHARLES R. BRIDGERS
(404) 979-3171                         GA. BAR NO. 080791
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com        /S/ KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com          KEVIN D. FITZPATRICK, JR.
                                       GA. BAR NO. 262375

                                       COUNSEL FOR PLAINTIFF